1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELENA KOLOVA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, et al.,<br><br>Defendants. | CASE NO. C19-1730JLR<br><br>ORDER GRANTING MOTION TO REMAND AND AWARDING ATTORNEYS' FEES AND COSTS |

## I.      INTRODUCTION

Before the court is Plaintiffs Elena Kolova, Benjamin Risha, and Riza Khanlari's

(collectively, "Plaintiffs") motion to remand this case to King County Superior Court.

(MTR (Dkt. # 4).)  Defendant Allstate Insurance Company ("Allstate") opposes the

motion.  (Resp. (Dkt. # 11).)  Plaintiffs also seek an award of attorneys' fees and costs

incurred as a result of Allstate's removal.  (*See* MTR at 1.)  The court has considered

Plaintiffs' motion, all submissions filed in support of and opposition to the motion, the

relevant portions of the record, and the applicable law.  Being fully advised,[1] the court

GRANTS Plaintiffs' motion, REMANDS this case to state court, and GRANTS

Plaintiffs' motion for costs and fees.

## II.    BACKGROUND

This is an insurance case in which Plaintiffs, condominium owners with properties

in the same complex, assert bad faith and breach of contract claims in King County

Superior Court against their insurer, Allstate, as well as claims for violations of

Washington's Consumer Protection Act, RCW ch. 19.86, and Insurance Fair Conduct

Act, RCW 48.30.015. (*See* Compl. (Dkt. # 1-2) ¶¶ 1.1-3.3.)  Plaintiffs filed their initial

complaint in April 2018.  (*See id.*)  As part of the same action, Plaintiffs also sued Bryon

Dill, an Allstate agent who handled at least one of Plaintiffs' claims; Mr. Dill's wife; and

Jane and John Does 1-10 ("Doe Defendants").[2]  (*Id.* ¶¶ 1.3-2.1.)

Allstate, a citizen of Delaware and Illinois, previously removed the matter based

on diversity jurisdiction, despite Mr. Dill's shared Washington citizenship with Plaintiffs.

*Kolova v. Allstate Ins. Co.*, No. C18-1066JCC, 2018 WL 5619052, at *1 (W.D. Wash.

Oct. 30, 2018) ("*Kolova I*").  In its first notice of removal, Allstate argued that the case

should be removed because Mr. Dill and his wife were not necessary and indispensable

---

[1] No party requests oral argument (*see* MTR at 1; Resp. at 1), and the court does not consider oral argument helpful in its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The court does not consider the citizenship of fictitious "Doe" defendants for purposes of assessing removal based on diversity jurisdiction.  *See* 28 U.S.C. § 1441(b)(1); *see also Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989).

parties under Federal Rules of Civil Procedure 19 and 21. *Id.*; *see* Fed. R. Civ. P. 19, 21.

Plaintiffs, in turn, moved to remand the case, and the court granted that motion on

October 30, 2018. *Kolova*, 2018 WL 5619052, at \*3. The *Kolova I* court rejected

Allstate's argument that Rules 19 and 21 were applicable to the court's jurisdictional

analysis in considering Plaintiffs' motion to remand. *Id.* Instead, the court held that its

analysis was governed by the doctrine of fraudulent joinder. *Id.* The court reasoned that

"[t]o argue that the Dill[s] . . . were fraudulently joined would be untenable in light of

*Keodalah* [*v. Allstate Ins. Co.*, 413 P.3d 1059, 1063 (Wash. Ct. App. 2018), *rev'd*, 449

P.3d 1040 (Wash. 2019)]," which at the time provided a separate cause of action against

the insurance adjuster, who in this case was Mr. Dill. *See Kolova I*, 2018 WL 5619052,

at \*2.

The Washington Supreme Court reversed *Keodalah* in October 2019, one year

after this court's first decision to remand this case, holding that insureds do not have a

separate cause of action against an insurance adjuster for bad faith. *See Keodalah*, 449

P.3d at 1046. Given the change in law, Plaintiffs and Allstate stipulated to the dismissal

of Mr. Dill and his wife on October 22, 2019. (*See* Stip. (Dkt. # 1-5); MTR at 2.) Once

Mr. Dill was no longer a party, Allstate removed the case for a second time based on

diversity jurisdiction, on October 25, 2019. (*See* Not. of Removal (Dkt. # 1) at 1, 4.)

Plaintiffs' counsel emailed Allstate's counsel to: (1) advise Allstate that in the

absence of bad faith on the part of a plaintiff, 28 U.S.C. § 1446(c) bars removal more

than one year after an action commences; and (2) request that Allstate take steps to

withdraw its second notice of removal. (1st Bridges Decl. ¶ 1, Ex. 2 (Dkt. # 5) at 1.)

1 After Allstate refused to do so, Plaintiffs filed the present motion to remand and included

2 a request for attorneys' fees and costs under 28 U.S.C. § 1447(c).[3] (*See* MTR.) In

3 response, Allstate argues that Plaintiffs acted in bad faith when they named Mr. Dill as a

4 party, and therefore, Allstate's removal falls under the bad faith exception found in 28

5 U.S.C. § 1446(c)(1). (*See* Resp. at 1, 4.)

**III.    ANALYSIS**

7      The court first considers Plaintiffs' motion to remand, before turning to Plaintiffs'

8 request for attorneys' fees and costs.

**A.    Legal Standards**

10      "A civil case commenced in state court may, as a general matter, be removed by

11 the defendant to federal district court, if the case could have been brought there

12 originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005); *see* 28 U.S.C.

13 § 1441(a). One such basis for removal is diversity jurisdiction, which exists if the suit is

14 brought between citizens of different states and the amount in controversy exceeds

15 $75,000. *See* 28 U.S.C. § 1332(a)(1). If a case is not initially removable, the defendant

16 may file a notice of removal within 30 days of receiving a copy of an amended pleading

17 or other paper form from which the defendant first ascertains that the case has become

18

---

19    [3] Plaintiffs cite 28 U.S.C. § 1441(c) in support of their request for fees and costs in both
their motion and their reply. (*See* MTR at 7; Reply (Dkt. # 13) at 5.) However, 28 U.S.C.
20 § 1441 does not mention cost nor fees. *See* 28 U.S.C. § 1441. Instead, the language Plaintiffs
quote in their motion makes it apparent that they intended to rely upon 28 U.S.C. § 1447(c).
21 (*Compare* MTR at 7 ("28 USC 1441(c) provides the removing party may be required to pay 'just
costs and any actual expenses, including attorney's fees, incurred as a result of the removal.'"))
22 *with* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and
any actual expenses, including attorney fees, incurred as a result of the removal.").

1  removable.  28 U.S.C. § 1446(b)(3).  However, a case may not be removed on the basis

2  of diversity jurisdiction more than one year after commencement of the action unless the

3  district court finds that the plaintiff acted in bad faith in order to prevent a defendant from

4  removing the action.  28 U.S.C. § 1446(c)(1).

5       It is a "longstanding, near-canonical rule that the burden on removal rests with the

6  removing defendant."  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th

7  Cir. 2006).  Furthermore, "[courts] strictly construe the removal statute against removal

8  jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Shamrock*

9  *Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

10 **B.**       **Motion to Remand**

11      No party disputes that Allstate filed its second notice of removal in this case based

12 on diversity jurisdiction more than one year after Plaintiffs commenced suit in state court.

13 (*Compare* Compl. (filed on April 30, 2018) *with* Not. of Removal (filed on October 25,

14 2019).)  Therefore, unless the bad faith exception applies, Allstate's removal is barred

15 under 28 U.S.C. § 1446(c)(1) by the one-year limitation for removal based on diversity

16 jurisdiction.  *See* 28 U.S.C. § 1446(c)(1).  Thus, the issue the court must resolve is

17 whether Plaintiffs acted in bad faith by first joining Mr. Dill and his wife.

18      Although the Ninth Circuit has not defined a standard for district courts to use

19 when evaluating the 28 U.S.C. § 1446(c)(1) bad faith exception, district courts ni the

20 Ninth Circuit have stated that "defendants face a high burden to demonstrate that a

21 plaintiff acted in bad faith to prevent removal."  *Heacock v. Rolling Frito-Lay Sales, LP*,

22 No. C16-0829JCC, 2016 WL 4009849, at *3 (W.D. Wash. Jul. 27, 2016).  Further,

district courts apply a "strict standard" and find "bad faith when a plaintiff fail[s] to actively litigate a claim against a defendant *in any capacity*." *Id.* This standard is consistent with the requirement to strictly construe the removal statute against removal. *Id.*; *see also Gaus*, 980 F.2d at 566. District courts often consider three factors when evaluating bad faith under 28 U.S.C. § 1446(c)(1): "[t]he timing of naming a non-diverse defendant, the timing of dismissal, and the explanation given for that dismissal." *Heacock*, 2016 WL 4009849, at *3.

It is instructive to consider cases in which courts have applied the foregoing standards. For example, "[a] plaintiff who added a non-diverse defendant in response to a defendant's attempt to remove an action, and subsequently dismissed the defendant shortly after the deadline for removal expired, was held to have acted in bad faith." *Id.* (citing *NKD Diversified Enters., Inc. v. First Mercury Ins. Co.*, No. 1:14-cv-00183-AWI-SAB, 2014 WL 1671659, at *4 (E.D. Cal. Apr. 28, 2014)). Other district courts have found bad faith when "plaintiffs failed to take any discovery from a defendant or failed to serve them within the one-year period of limitation." *Id.* (citing *Heller v. American States Ins. Co.*, Case No. CV 15-9771 DMG, 2016 WL 1170891, at *3 (C.D. Cal. Mar. 25, 2016); *Hamilton San Diego Apartments, LP v. RBC Capital Markets, LLC*, No. 14cv01856 WQH, 2014 WL 7175598, at *4 (S.D. Cal. Dec. 11, 2014)). However, this court declined to find bad faith when a plaintiff settled with non-diverse defendants one week after the one-year mark and dismissed them one month later, *see Bishop v. Ride the Ducks Int'l, LLC*, No. C18-1319JCC, 2018 WL 5046050, at *2 (W.D. Wash. Oct. 27, 2018), and when a plaintiff sought additional information about

a non-diverse defendant through indirect discovery, and then settled with that defendant and dismissed the defendant from the case, *see Stroman v. State Farm Fire & Cas. Co.*, No. C18-1297RAJ, 2019 WL 1760588, at *2 (W.D. Wash. Apr. 22, 2019). Although courts have found bad faith where a plaintiff dismissed a non-diverse defendant without conducting any discovery, courts consider even "bare minimum" discovery attempts to not amount to bad faith. *Heacock*, 2016 WL 4009849, at *3 (quoting *NKD Diversified Enters., Inc.*, 2014 WL 1671659, at *5)).

Based on the three *Heacock* factors, the court does not find bad faith on the part of Plaintiffs. *See Heacock*, 2016 WL 4009849, at *3. Plaintiffs named Mr. Dill and his wife in their initial complaint, arguing that Mr. Dill "failed to exercise good faith in the handling of [at least one Plaintiff's] claim." (*See* Compl. ¶ 2.6.) Plaintiffs then dismissed the Dills nearly six months after the 28 U.S.C. § 1446(c)(1) one-year period of limitation for removal had lapsed. (*See id.*; Stip. at 1.) The timing of these two activities does not indicate that Plaintiffs included the Dills in the action merely to fraudulently defeat diversity jurisdiction. *See Bishop*, 2018 WL 5046050, at *2 (finding no bad faith based on timing of settlement negotiation emails). Furthermore, Plaintiffs' basis for dismissing the Dills was the Washington Supreme Court's reversal of the appellate decision upon which Plaintiffs relied in bringing their suit against Mr. Dill in the first place—a decision that was beyond Plaintiffs' control. (*See* Stip. at 1; MTR at 2); *see also Keodalah*, 449 P.3d at 1046. Not only is this explanation for dismissing the Dills not indicative of the bad faith required under 28 U.S.C. § 1446(c)(1)—it is not indicative of bad faith at all. Indeed, based on the change in law, Plaintiffs were required to dismiss the Dills

1    following the Supreme Court's reversal of the appellate court's decision or risk a Federal

2    Rule of Civil Procedure 11 violation.  *See* Fed. R. Civ. P. 11(b)(2) ("By presenting to the

3    court a pleading . . . or later advocating for it—an attorney . . . certifies that to the best of

4    the person's knowledge, information, and belief . . . the claims . . . are warranted by

5    existing law . . . .").

6         Allstate's arguments to the contrary do not persuade the court.  Allstate argues that

7    the court should find bad faith as "[n]one of the written discovery issued by Plaintiffs was

8    addressed to the Dills."  (*See* Resp. at 5.)  Although this appears to be true, Plaintiffs have

9    made at least a "bare minimum" discovery attempt in relation to Mr. Dill by submitting

10   interrogatories for the personal information of "each and every employee of [Allstate]

11   who participated in or otherwise contributed to the handling or adjustment of each and

12   every [of Plaintiffs'] claims."  (*See* Disc. Reqs. (Dkt. # 14-1) at 3); *Heacock*, 2016 WL

13   4009849, at *3.  Additionally, this court previously found that Plaintiffs' joinder of the

14   Dills was not fraudulent due to Plaintiffs' valid claim against the Dills under state law at

15   the time.  *See Kolova I*, 2018 WL 5619052, at *2.  Finally, although Allstate asserts that

16   "Plaintiffs' Complaint does not make any allegations of misconduct against the Dills"

17   (*see* Resp. at 5), Plaintiffs in fact allege that "[Mr. Dill] failed to exercise good faith in

18   the handling of [the] claim" (*see* Compl. ¶ 2.6).  Thus, Allstate fails to meet its high

19   burden in demonstrating bad faith on the part of Plaintiffs.

20        In summary, the one-year removal limitation of 28 U.S.C. § 1446(c)(1) applies

21   and the statute's bad faith exception does not.  Accordingly, the court GRANTS

22   Plaintiffs' motion to remand this case to King County Superior Court.

C. **Costs and Fees**

Section 1447(c) allows a court to award "just costs and any actual expenses, including attorney fees" incurred due to removal. 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin*, 546 U.S. at 136. However, the court may award such fees and costs if the attempted removal was objectively unreasonable. *Id.* at 141; *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). The Ninth Circuit has found removal objectively unreasonable when "[t]he relevant case law clearly foreclosed [the defendant]'s attempted removal." *Houden v. Todd*, 348 F. App'x 221, 223 (9th Cir. 2009) (citing *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999-1000 (9th Cir. 2006)).

In determining whether removal is objectively reasonable, district courts retain discretion to consider whether unusual circumstances warrant a departure from that general rule in a given case. *Id.* at 141. When so departing, the court's reasons should be faithful to the purposes of the awarding fees under 28 U.S.C. § 1447(c). *Martin*, 546 U.S. at 141. Those purposes include Congress' desire to deter removals designed to prolong litigation or to impose costs on an opposing party, while not undermining Congress' basic decision to allow defendants to remove as a general matter when statutory criteria are met. *See id.* at 140.

Here, Allstate contends that removal was proper because it was bad faith for Plaintiffs to include the Dills in the action (*see* Resp. at 5), although such inclusion was proper under Washington law at the time, *see Keodalah*, 413 P.3d at 1063. Allstate

makes this argument despite this court's 2018 remand of this case, in which the court

held that the Dills were not fraudulently joined parties under Washington law as it existed

at that time. *See Kolova I*, 2018 WL 5619052, at \*3 ("To argue that the Dill[s] . . . were

fraudulently joined would be untenable in light of *Keodalah*[, which] . . . explicitly grants

a cause of action against the insurance adjuster in this case . . . ."). Finally, Plaintiffs

notified Allstate of the one-year limitation at the time of Allstate's second notice of

removal and provided Allstate with an opportunity to withdraw the notice. (1st Bridges

Decl. ¶ 2, Ex. 2 at 1.) Because the relevant case law, and indeed the court's previous

rulings in this very case, foreclosed removal, and Allstate knew or should have known

about the relevant one-year bar to removal in 28 U.S.C. § 1446(c)(1) for cases based on

diversity jurisdiction, Allstate's second removal of this action was objectively

unreasonable. *See Houden*, 348 F. App'x at 223 ("The relevant case law clearly

foreclosed [the defendant's] attempted removal; it was thus objectively unreasonable, and

the [plaintiffs] could have been awarded costs and fees under 28 U.S.C. § 1447(c)."). 

Thus, the court GRANTS Plaintiffs' request for attorneys' fees and costs.

**IV.   CONCLUSION**

Based on the foregoing analysis, the court GRANTs Plaintiffs' motion to remand

and for an award of attorneys' fees and costs. (Dkt. # 4.) The court ORDERS that:

1.   Plaintiffs shall submit a brief not to exceed three (3) pages and a declaration

or affidavit detailing the reasonable attorneys' fees and costs they incurred prosecuting

their motion to remand no later than seven (7) days from the entry of this order;

//

1      2.      Allstate may, but is not required to, file a responsive brief not to exceed

2   three (3) pages no later than ten (10) days from the date of this order;

3      3.      Except for the court's determination of reasonable attorneys' fees and costs

4   pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are REMANDED to

5   the Superior Court for King County, Washington;

6      4.      The Clerk shall send copies of this order to all counsel of record for all

7   parties;

8      5.      Pursuant to 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of the

9   order of remand to the Clerk for the Superior Court for King County, Washington;

10      6.      The Clerk shall also transmit the record herein to the Clerk of the Court for

11   the Superior Court for King County, Washington;

12      7.      Except for their briefs regarding attorneys' fees and costs, the parties shall

13   file nothing further in this matter, and instead are instructed to seek any further relief to

14   which they are entitled from the courts of the State of Washington, as may be appropriate

15   in due course; and

16      8.      The Clerk shall CLOSE this case.

17      Dated this 10th day of February, 2020.

18

19

20   JAMES L. ROBART
     United States District Judge

21

22